Fahrbach, Respondent, vs. Fahrbach and wife, Appellants.

*December 9, 1924—January 13, 1925.*

*Estoppel: To deny validity of note: Permitting holder to receive without notice of objection.*

The defendants, the makers of a promissory note, who upon the death of one of the payees turned the note over to the administrator of his estate, and permitted it to be regarded as an asset of the estate and transferred to plaintiff under the terms of the payee's will—the defendants sharing in the residue of the estate, which was increased by the amount of the note,— are estopped to deny liability in an action brought by plaintiff to recover on the note. p. 407.

Appeal from a judgment of the circuit court for Calumet county: Fred Beglinger, Circuit Judge. *Affirmed.*

This is an action upon a note given by the defendants to Peter Diehl, Sr., on or about the 19th day of March, 1897, by the defendants, the defendant *Katherine Fahrbach* being the daughter of Peter Diehl, Sr., now deceased. The instrument in question was assigned under the will of Peter Diehl, Sr., to the plaintiff, his grandson. The defendants having refused to pay the note, this action was begun. The instrument sued upon is as follows:

"$1,000.            For Value Received.

"We jointly promise and agree to pay to Peter Diehl Sen; and Christina Diehl, his wife the sume of one Thousand Dollars in lawful Money of the Unidet States of America (under the anexed condition.)

"With interest at the Rate of Three per sent persent per annum    Interest to be paid to Peter Diehl or Christina Diehl his wife if the said Peter Diehl should die first, on the 19-th day of March in each and every year during the Nutural life of of both the said Peter Diehl and Christina Diehl his wife but if interest is not paid as above stated this note shall be considert due and be in full force,    Dated at Harrison this 19-th day of March 1897.

(Signed)    "John Fahrbach, Jr.    (Seal)
            "Katie Fahrbach.        (Seal)

"The anexet Note where given by John Fahrbach Jr and Katharina Fahrbach his wife as part purchase money, for the southwest quarter of the south west quarter of sec. 18 T 20 N of R. 19.E under expres conditions, that if the said John Fahrbach Jr at any time offer. (.or attempt.) to sale the land above discribed, the anexed note shall be considered Due, or if the undersigned Peter Diehl Sr shall become in need of the money he must give John Fahrbach Jr Notice thereof Ninety (90) days and then the anexed Note is Due and Colectable.                    PETER DIEHL, SR."

On the part of the defendant it was contended that the instrument sued upon had been materially altered after delivery without the consent of the defendants by annexing to the note the provisions of paragraph 2 thereof, signed by Peter Diehl, Sr.  The defendants also claimed that the note is to be void after the death of Peter Diehl, Sr., and Christina Diehl, his wife.

The court found against the defendants that there was no alteration of the note so far as its becoming void upon the death of Peter Diehl, Sr., was concerned.  The court also found:

'That the defendant *Katie Fahrbach* learned of the alteration a few days before the death of Peter Diehl, Sr., which occurred November 6, 1909, and she had the said paper in her custody and possession; the defendant *John Fahrbach* learned of said alteration when the will was being read in the county court of Calumet county a few weeks later, and neither of them made any objection to the alteration, nor denied liability on said note at any time during the settlement of the estate of Peter Diehl, Sr., but defendant *Katie Fahrbach* received and accepted from said executors her residuary legacy given by said will.  That the circumstances and the evidence disclosed in the trial of this case constitute a ratification of any alterations that were made by Peter Diehl, Sr., after its execution, and that said note is a valid and subsisting obligation against the defendant."

The court having found that there was never any provision by the terms of which the note was to become void upon the death of Peter Diehl, Sr., "that the insertions as

to the conditions of attempted sale never became of any practical consequences, because on Peter Diehl's death the note became due and payable on demand," and having found that the note had duly passed to the plaintiff as legatee under the will of Peter Diehl, Sr., the plaintiff had judgment for $1,000 with interest thereon from March 19, 1909, at three per cent., with costs, from which judgment the defendants appeal.

For the appellants the cause was submitted on the brief of *Albert H. Krugmeier* and *Fred V. Heinemann,* both of Appleton.

*L. P. Fox* of Chilton, for the respondent.

ROSENBERRY, J.   The trial court concluded that the note, according to its terms, was to become due upon the death of Peter Diehl, Sr.   Peter Diehl in his lifetime had made provision for some of his children and had taken back from them certain notes, which it was understood were to be canceled and surrendered at his death.   These notes were all mentioned in the will of Peter Diehl, Sr.   The note given by the defendants was not so mentioned, and on the contrary, by the express terms of the will, this note was considered a part of his estate and was given to the plaintiff. As stated, the court found against the defendants as to any agreement ever having been made by the terms of which the note was to be void.   Whatever the situation of the defendants might have been with respect to their liability upon the note, when they or one of them having possession of it turned it over to the administrator of the estate of Peter Diehl, Sr., permitted it to be regarded in the administration of the father's estate as a valid and subsisting obligation, knew that it was assigned and transferred to the plaintiff, accepted an assignment of one third of the residue of the estate which was increased by the amount of the note, as that amount would have been otherwise payable out of the estate of Peter Diehl, Sr., they are clearly estopped to deny

the validity of the note at this time. If they had denied liability upon it seasonably, the legacy to the plaintiff might have been paid out of other funds. It cannot be disputed that they were well aware of the terms of the note in its altered form. Having permitted the plaintiff to be placed in a position where, if their contention is now sustained, the plaintiff will lose his entire legacy, it is apparent that the plaintiff has materially changed his position relying upon the supposed validity of the instrument awarded to him from his grandfather's estate. The fact of the material alteration, if it did exist, was solely within the knowledge of the defendants.

Under these circumstances it is considered that the trial court correctly held that the defendants are now estopped from asserting the invalidity of the note.

*By the Court.*—Judgment affirmed.